STATE *ex rel.* W. R. SPARKS, *et al.,* as and Constituting the Board of County Commissioners of Charlotte County, Petitioner, v. J. M. LEE, State Comptroller, BOARD OF PUBLIC INSTRUCTION OF THE COUNTY OF CHARLOTTE, and CITY OF PUNTA GORDA, Respondents.

200 So. 909

En Banc

Opinion Filed March 14, 1941

*Earl D. Farr,* for Petitioner;

*J. Tom Watson,* Attorney General, and *Lawrence A. Truett,* Assistant Attorney General, for Respondents.

BUFORD, J.—To alternative writ of mandamus addressed to Honorable J. M. Lee as Comptroller of the State of Florida, commanding him "as Comptroller, to draw your warrant payable to the Board of County Commissioners of Charlotte County, Florida, for the aforesaid $4,000.00 now in your hands as Comptroller, or that you, the said J. M. Lee, as Comptroller of the State of Florida, City of Punta Gorda, Florida, and the Board of Public Instruction of Charlotte County, Florida, individually and severally show cause before this Honorable Court on or before the 10th day of March, A. D. 1941, at 10 o'clock in the morning, why you have not complied with the terms of this writ" the respondent has filed return and motion to quash.

The question for our determination is whether the fund accruing to Charlotte County shall be distributed and paid out by the Comptroller under the provisions of Chapter 18091, Acts of 1937, or under the provisions of Chapter 14832, Acts of 1931, as amended by Chapters 19106 and 19170, Acts of 1939.

The record shows that Charlotte County is no longer in the bracket of classification attempted to be established by Chapter 18091, Acts of 1937, and, therefore, is not now within its attempted purview.

Aside from this, Chapter 18091 was void as a general law because by its very terms it could have applied only to

Charlotte County and it was void as a special or local law because it was not passed by the Legislature in conformity with the provisions of Section 21, Article III, of the Constitution of Florida. It was, therefore, void *ab initio* and of no force and effect.

The distribution of the fund to Charlotte County is controlled by the provisions of Chapter 14832 as amended, *supra*.

The motion to quash is denied. The return is insufficient and the peremptory writ is awarded.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, J. J., concur.